**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**THOMAS A. GRANTHAM, JR.,**

**Petitioner,**

**v.**  **CIVIL ACTION NO. 1:17CV95
(Judge Keeley)**

**DAVID BALLARD, Warden,**

**Respondent.**

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 27] AND STAYING CASE**

On May 25, 2017, the pro se petitioner, Thomas A. Grantham, Jr. ("Grantham"), filed the pending Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"), seeking collateral review of his convictions in the Circuit Court of Berkeley County, West Virginia, for second-degree murder, attempted second-degree murder, and malicious assault (Dkt. No. 1). In the Petition, Grantham presents five grounds for relief: 1) his counsel was ineffective, 2) the jury was not impartial, 3) his case should have been severed, 4) the trial court gave an erroneous jury instruction regarding concerted action, and 5) cumulative error resulted in the violation of his due process rights. Id. at 6-19. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the Petition to the Honorable Michael J. Aloi, United States Magistrate Judge, for initial review.

On August 4, 2017, the respondent, Warden David Ballard ("Ballard"), moved for judgment on the pleadings, contending that

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 27] AND STAYING CASE

Grantham failed to exhaust two of his grounds for relief in state court (Dkt. No. 22). More particularly, Ballard argued that Grantham's ineffective assistance of counsel claim was dismissed solely on the basis of state law, and that Grantham failed to present his cumulative error claim to the Supreme Court of Appeals (Dkt. No. 23 at 4-7). Noting that Grantham had filed a "mixed petition," Ballard asked the Court to dismiss the Petition without prejudice so that Grantham "may pursue and exhaust his available state remedies." Id. at 7. In response, Grantham agreed that he had filed a mixed petition and asked the Court to dismiss his Petition without prejudice and order the state court to entertain and adjudicate his unexhausted claims (Dkt. No. 26 at 2-4).

In a Report and Recommendation ("R&R") entered on January 16, 2018, Magistrate Judge Aloi reasoned that Grantham had only exhausted his second ground for relief, the claim that he was deprived of an impartial jury (Dkt. No. 27 at 18-19). Grounds One, Three, and Four present different legal theories than squarely presented on appeal to West Virginia's highest court, while Ground Five was not raised at all to the Supreme Court of Appeals. Id. at 19-21. Acknowledging that dismissing Grantham's Petition without prejudice would bar further review under § 2254 due to the one-year limitation under the Anti-Terrorism and Effective Death Penalty

Act, Magistrate Judge Aloi reasoned that Grantham qualifies instead for a stay and abeyance. Id. at 22-28. Therefore, the R&R recommended that the Court grant Ballard's motion and dismiss the Petition unless Grantham elected to either sever his unexhausted claims or consent to a stay and abeyance while he exhausts his claims in state court. Id. at 28-29.

The R&R also informed Grantham of his right to file "written objections identifying those portions of the recommendation to which objection is made and the basis for such objections." Id. at 29. It further warned that the failure to do so may result in waiver of the right to appeal. Id. On January 24, 2018, Grantham filed his self-styled "Objections and Agreed Option of a Stay and Abeyance to Report and Recommendation" (Dkt. No. 29). Although styled in part as an objection,[1] Grantham's filing elects to have

---

[1] In the R&R, Magistrate Judge Aloi noted that Grantham's Petition fails to reference any federal law, but ultimately relied on the federal law that Grantham cited in state-court documents attached to the Petition (Dkt. No. 27 at 18-19). In his objection, Grantham "yields to the report" that the Petition does not reference federal law, but explains that he did not cite any because the court-approved form instructed him not to do so (Dkt. No. 29 at 1). Given that Magistrate Judge Aloi resolved this issue in Grantham's favor, and the failure to specifically cite federal law does not affect the recommendation in the R&R, the Court need not consider Grantham's related objection.

the Court stay the case and hold his Petition abeyance pending further efforts to exhaust his claims in state court. Id.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Here, Grantham has not raised any specific objections to Magistrate Judge Aloi's recommendations, and in fact agrees that the Court should stay this case and hold the Petition in abeyance. Because Grantham has not objected, the Court is under no obligation to conduct a de novo review. Dellacirprete, 479 F. Supp. 2d at 603-04. Upon review of the R&R and the record, the Court adopts the opinion of the Magistrate Judge for the reasons discussed in the R&R. Therefore, the Court:

**GRANTHAM V. BALLARD**　　　　　　　　　　　　　　　　　　　　　　　　　**1:17CV95**

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 27] AND STAYING CASE**

1) **ADOPTS** the R&R (Dkt. No. 27);

2) **DENIES WITHOUT PREJUDICE** Ballard's Motion for Judgment on the Pleadings (Dkt. No. 22);

3) **DENIES AS MOOT** Grantham's Motion for an Order Directing the State Court to Provide a Hearing and Fully Adjudicate Petitioner's Ineffective Assistance of Counsel Claim (Dkt. No. 26);

4) **STAYS** the case; and

5) **DIRECTS** Grantham to file his unexhausted claims in state court within 30 days of receipt of this Order; to file quarterly reports, beginning on April 1, 2018, explaining the status of his unexhausted claims; and to file a notice of exhaustion within 30 days from the date his state court remedies have been fully exhausted.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit this Order to counsel of record and to the pro se petitioner, by certified mail and return receipt requested.

DATED: February 28, 2018.

　　　　　　　　　　　　　　　　　　　/s/ Irene M. Keeley
　　　　　　　　　　　　　　　　　　　IRENE M. KEELEY
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE